IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| BRIAN NELSON, | 1:24-CV-0099-SPB-RAL |
| Plaintiff | SUSAN PARADISE BAXTER<br>United States District Judge |
| v. | |
| SECRETARY LAUREL HARRY, et al., | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| Defendants | REPORT AND RECOMMENDATION |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute his case.

II. Report

A. Background

Plaintiff Brian Nelson, an inmate in the custody of the Pennsylvania Department of Corrections, initiated this civil rights action on April 8, 2024. ECF No. 1. In the accompanying complaint, Plaintiff asserted Eighth Amendment claims for deliberate indifference, cruel and unusual punishment, and violations of the Americans with Disabilities Act (ADA) against various prison officials based on the medical care that he received while incarcerated. ECF No. 10.

The Court granted Plaintiff's motion for leave to proceed in forma pauperis on May 22, 2024. ECF No. 5. Around that same time, Plaintiff requested leave to file an amended complaint. *See* ECF Nos. 4, 6. The Court granted his request and issued an Order instructing Plaintiff to

submit his amended complaint on or before June 22, 2024. ECF No. 6. On June 17, 2024, Plaintiff requested an extension of time to comply. *See* ECF No. 8. The Court granted Plaintiff's motion and extended the deadline until July 12, 2024. ECF No. 9. Despite the extension, Plaintiff has taken no further steps to prosecute this case.

Due to Plaintiff's non-compliance, the Court issued an order on August 15, 2024, requiring Plaintiff to show cause on or before September 20, 2024, as to why the action should not be dismissed for failure to prosecute. ECF No. 10. Alternatively, the Court indicated that Plaintiff could comply by submitting his proposed amendment on or before that same date. *Id.* The Court cautioned that a failure to comply with the order would result in a recommendation that this matter be dismissed for failure to prosecute. *Id.* Despite this warning, Plaintiff failed to respond.

Out of an abundance of caution, the Court issued another order on November 15, 2024, noting Plaintiff's non-participation in the lawsuit and indicating that it was "unclear whether Plaintiff has abandoned this case or is content to rest on the allegations set forth in the Amended Complaint at ECF No. 7." ECF No. 12. The Court directed Plaintiff to file a notice with the Court on or before December 11, 2024, indicating whether he wished to withdraw the action, file an amended pleading, or stand on his current pleading. *Id.* The Court again cautioned Plaintiff that failure to respond would result in a recommendation that the matter be dismissed for failure to prosecute. *Id.* Plaintiff again failed to respond.

Shortly after the Court issued that show cause order, the Court was informed that one of the Defendants, Wellpath LLC, had filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. *See In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex.). Noting that Wellpath's bankruptcy petition operated as a stay on all proceedings against that entity, the Court temporarily

stayed this action and suspended all deadlines. ECF No. 13. That stay was lifted on June 2, 2025, when the Court was notified that the automatic stay in the Wellpath bankruptcy proceeding had been lifted. ECF No. 15. In the same order, the Court offered Plaintiff one final opportunity to salvage this action by simply filing a notice with the Court on or before June 23, 2025, indicating whether he still wished to proceed. *Id.* The Court again advised him that a failure to respond would result in a recommendation that the action be dismissed for failure to prosecute. *Id.* Again, Plaintiff failed to respond. *Id.*

To date, Plaintiff's last action in this case consisted of the filing of his motion for an extension of time to file an amended pleading on June 17, 2024. None of the Court's many orders since that date have prompted a response. Whether Plaintiff's claims have been intentionally abandoned or simply neglected, a final order dismissing this action with prejudice is warranted.

### B. Federal Rule of Civil Procedure 41(b) Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute or comply with a court order, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Woods v. Malinowski*, 2018 WL 3999660, at *1 (W.D. Pa. July 18, 2018), *report and recommendation adopted as modified*, 2018 WL 3997344 (W.D. Pa. Aug. 21, 2018)). A court's authority to dismiss extends past granting a motion by the defendant. In fact, "[u]nder Rule 41(b), a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, 642 Fed. Appx. 100, 102 (3d Cir. 2016) (per curiam) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that a court can dismiss a case *sua sponte* under Rule 41(b)). "The authority of a

3

court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Qadr*, 642 Fed. Appx. at 102.

Decisions regarding dismissal of actions for failure to prosecute or comply with a court order rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, while broad, is governed by the following factors, commonly referred to as *Poulis* factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). "In balancing the *Poulis* factors, [courts] do not [employ] a ... 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, it is well-settled that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Id.* (internal citations and quotations omitted).

C. Analysis

The Court begins by noting that, in general, it is "required to consider and balance [the six *Poulis* factors] when deciding, *sua sponte*, to use dismissal as a sanction." *Azubuko v. Bell Nat. Org.*, 243 Fed. Appx. 728, 729 (3d Cir. 2007). However, "[w]hen a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Id.* Although Plaintiff's conduct in this case falls into this category, the Court will, nevertheless, analyze the *Poulis* factors to determine whether dismissal is warranted.

Turning to the first *Poulis* factor, the Court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams*, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Because Plaintiff is proceeding pro se, he is solely responsible for his own conduct, including his failure to respond to multiple orders from the Court. *See, e.g., Smith v. Pennsylvania Dep't of Corr.*, 2012 WL 4926808, at *2 (W.D. Pa. Oct. 16, 2012) (noting that a pro se plaintiff is personally responsible for the progress of his case and compliance with court orders). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

5

For purposes of the *Poulis* analysis, however, prejudice does not equate to irremediable harm. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Rather, "[t]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.* Here, Plaintiff's "failure to communicate with the Court and continued inaction frustrates and delays resolution of this action" by preventing Defendants from receiving notice of the lawsuit and a timely adjudication of his claims. *See Mack v. United States*, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). Accordingly, this factor also weighs in favor of dismissal.

The third *Poulis* factor requires the Court to consider whether Plaintiff has exhibited a history of dilatoriness over the life of this case. *Adams*, 29 F.3d at 875 ("[A] party's problematic acts must be evaluated in light of its behavior over the life of the case."). While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe*, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency" – such as "consistent non-response to interrogatories, or consistent tardiness in complying with court orders" – is sufficient to meet the *Poulis* standard. *Adams*, 29 F.3d at 874. The Court notes that, although Plaintiff has disregarded several court orders, he does not have a history of dilatoriness over the life of this case. As such, the third factor weighs against dismissal. *Id.* at 875.

The fourth *Poulis* factor requires the Court to consider whether Plaintiff's conduct was willful or in bad faith. In this context, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Plaintiff's failure to comply with Court orders and the rules of civil procedure "demonstrate[s] a willful disregard for procedural rules and court directives." *Doss v. United States*, 2024 WL 759058, at *2 (W.D. Pa. Jan. 22, 2024), *report and recommendation*

*adopted*, 2024 WL 757090 (W.D. Pa. Feb. 20, 2024). There is nothing on the docket to suggest that Plaintiff is not receiving the Court's orders, nor has he offered any explanation for his failure to respond. Further, the Court has warned Plaintiff on at least three occasions that failure to comply might lead to his Complaint being dismissed. *See* ECF Nos. 10, 12, 15. Based on this, the Court infers that Plaintiff's failure to respond was a deliberate choice, tilting the fourth factor in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. In general, however, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding pro se." *Lopez v. Cousins*, 435 Fed. Appx. 113, 116 (3d Cir. 2011). *See also Brennan v. Clouse*, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, because Plaintiff has indicated that he does not have the funds to litigate this action, his status "severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion." *Carr v. Zahuronic*, 2022 WL 12073522, at *2 (W.D. Pa. Oct. 20, 2022). Absent the ability to craft an effective monetary sanction, and given Plaintiff's failure to respond to the Court's prior orders, the Court concludes that the fifth factor weighs in favor of dismissal.

The sixth and final *Poulis* factor requires the Court to consider the potential merits of Plaintiff's claim. A claim is deemed "meritorious" for the purposes of the *Poulis* analysis "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*,

7

747 F.2d at 869-70. To evaluate this factor, the court uses the same standard for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe*, 538 F.3d at 263.

In this case, Plaintiff asserts a § 1983 claim against several Department of Corrections officers and medical personnel based on their alleged failure to adequately treat his recurring seizures. Due to the procedural posture of the case, the Court has not yet had occasion to analyze Plaintiff's claims on the merits. *Dorsey v. Marsh*, 2023 WL 8259259, at *2 (M.D. Pa. Nov. 29, 2023). Thus, the Court "cannot say as a matter of law whether [Plaintiff's] complaint has merit." *Id*. However, even if the Court concluded that some portion of Plaintiff's pleading presented a viable cause of action, this factor cannot save Plaintiff's claims in the face of his non-compliance with the Court's instructions. *See Stephens*, 2024 WL 1501801, at *3 ("[Plaintiff] cannot refuse to comply with court orders which are necessary to allow resolution of the merits of [his] claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case."). Accordingly, the Court finds this factor weighs in favor of dismissal.

As the Court noted at the outset, "no single *Poulis* factor is dispositive," and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 263 (quoting *Mindek*, 964 F.2d at 1373). Nevertheless, the Court concludes that five of the six *Poulis* factors heavily support dismissal, with one factor weighing against. Upon balancing those factors as they apply to this case, the Court finds those factors weigh in favor of dismissal of this action for lack of prosecution. Accordingly, it is recommended that this case be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and that the Clerk be directed to mark this case "closed."

III.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days. Any party opposing the objections shall have fourteen days to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

Dated this 27th of June, 2025.

SUBMITTED BY:

RICHARD A. LANZILLO
Chief United States Magistrate Judge